```
UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :
  NILDA ANDERSON,                                          :
                                                           :  **MEMORANDUM DECISION AND**
                                              Plaintiff,   :  **ORDER**
                                                           :
              - against -                                  :  18-cv-3056 (BMC) (LB)
                                                           :
  NYC HEALTH AND HOSPITALS (CONEY                          :
  ISLAND HOSPITAL),                                        :
                                                           :
                                              Defendant.   :
                                                           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

In this *pro se* employment discrimination action, the Court previously dismissed the complaint with leave to amend. She did not amend, and the Clerk entered judgment against her. Plaintiff then moved for the Court to reopen the case. The Court denied plaintiff's motion without prejudice to renewal if she moved promptly and submitted a proposed amended complaint that conformed to the requirements for an amended complaint set forth in the Court's prior order dismissing her case.

Although plaintiff later submitted a proposed amended complaint, it was neither prompt – she submitted it almost half a year later – nor did it comply with the requirements for an amended complaint set forth in the Court's order. Plaintiff also failed to sign the amended complaint, in violation of Federal Rule of Civil Procedure 11(a). The Court construes plaintiff's proposed amended complaint as a renewed motion to reopen the case and denies this motion as futile because the proposed amended complaint still fails to state a claim.

## SUMMARY OF PROPOSED AMENDED COMPLAINT

Defendant, which employs "at least" 40 employees, employed plaintiff, a Hispanic woman of Puerto Rican origin, as an electrocardiography technician at a hospital. Plaintiff was forced to resign last year. Defendant allowed unidentified individuals to comment to plaintiff that Puerto Ricans are "dirty," "nasty," "disrespectful," and that they gossip. After plaintiff made unspecified complaints to defendant and her union, plaintiff was deprived of her annual uniform reimbursement; suspended without pay; written up; and given additional work.

Defendant also docked plaintiff's pay on three separate occasions, including an occasion when her supervisor claimed that plaintiff arrived at work late and left work early. Plaintiff has no "distinct recollection" of being late on that day. Two years before plaintiff resigned, defendant docked her pay for taking time off from work to attend to her husband after he had a kidney transplant. A year later, plaintiff's supervisor denied her request for a day off to attend a kidney transplant appointment with her husband.

Moreover, defendant provided plaintiff with only one day of training for a proficiency examination on a computer system with which plaintiff was unfamiliar. Plaintiff initially thought she failed the exam, complained to a supervisor about defendant's alleged discriminatory treatment, and then discovered that she passed the examination. Plaintiff's performance at work also suffered because defendant did not provide her with the training it provided to other employees who had not complained or were not Hispanic.

Plaintiff filed complaints with the Equal Employment Opportunity Commission (the "EEOC") and the New York State Division of Human Rights (the "NYSDHR") alleging that defendant discriminated and retaliated against her. Plaintiff received a right to sue letter from the EEOC eight months later. A month after that, plaintiff was accused (she does not explain who

accused her) of making a comment about a disgruntled former employee of another hospital who "worked in a hostile environment" and "returned with a rifle and killed one employee and wounded several others." Defendant then brought plaintiff before a hearing and forced her to resign.

The Court construes the proposed amended complaint as bringing claims for unlawful termination, a hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL"); claims for interference and retaliation under the Family Medical Leave Act (the "FMLA"); and claims for unlawful deductions from her wages under New York Labor Law § 193. Plaintiff seeks $1,000,000 in damages.

## DISCUSSION

Under the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

A "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be

stated," a court should grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## I. Wrongful Termination under Title VII

As the Court explained in its prior order, to bring a Title VII claim for her termination, plaintiff must "plausibly allege facts that provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." Vega v. Hempstead Union Free School Dist., 801 F.3d 72, 86-87 (2d Cir. 2015) (internal quotation mark omitted).

The proposed amended complaint fails to state a claim for wrongful termination under Title VII. Although plaintiff identifies herself as a Hispanic woman of Puerto Rican origin, she again fails to allege any facts showing that she was terminated because of her race or national origin. To the contrary, she has alleged facts indicating that she was terminated after she showed up late to work and left early; after her performance at work deteriorated; and after she made a thinly-veiled threat to murder her colleagues. If plaintiff would like to work for an employer who tolerates such conduct, she may seek out a more lenient employer.

## II. Hostile Work Environment under Title VII

"In order to prevail on a hostile work environment claim, a plaintiff must make two showings: (1) that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment and (2) that there is a specific basis for imputing the conduct creating the hostile work environment to the employer." Duch v. Jakubek, 588 F.3d 757, 762 (2d Cir. 2009) (internal quotation marks omitted). However, "Title VII does not establish a 'general civility code' for the American workplace." Petrosino v. Bell Atlantic, 385 F.3d 210, 223 (2d Cir. 2004). "Simple teasing, offhand

comments, or isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment." Id.

The proposed amended complaint fails to state a claim for hostile work environment under Title VII. Plaintiff has merely alleged that unidentified individuals made offensive comments about Puerto Ricans. She has not alleged facts showing that these comments were pervasive, as opposed to isolated comments, or that defendant knew, or should have known, about the comments but failed to act. See Duch, 588 F.3d at 759.

### III. Retaliation under Title VII

As the Court explained in its prior order, "[t]o establish a presumption of retaliation at the initial stage of a Title VII litigation, a plaintiff must present evidence that shows (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Littlejohn v. City of N.Y., 795 F.3d 297, 315-16 (2d Cir. 2015) (internal quotation marks and citation omitted).

Although plaintiff has alleged that she filed complaints about discrimination with the EEOC and NYSDHR the year before defendant terminated her, she has still failed to allege facts showing that she was fired because of these complaints. Instead, as noted above, she has alleged facts showing that she was terminated after she showed up late to work and left early; after her performance at work deteriorated; and after she made a thinly-veiled threat to murder her colleagues.

### IV. FMLA Claims

To state a claim for interference or retaliation under the FMLA, plaintiff must show that she was eligible for FMLA benefits. See Graziadio v. Culinary Institute of America, 817 F.3d

415 (2d Cir. 2016). To be eligible for FMLA benefits, an employee must, *inter alia*, have worked at least 1,250 hours for the employer in the preceding twelve months and must be "employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite." See 29 C.F.R. § 825.110(a).

The proposed amended complaint fails to state a claim for interference or retaliation under the FMLA because plaintiff has not alleged facts showing that she was eligible for FMLA benefits. She has not alleged that she worked the required number of hours in the relevant time period and has only alleged that defendant employed "at least" 40 individuals.

V.     **State Law Claims**

Under 28 U.S.C. § 1367(c), a district court may "decline to exercise supplemental jurisdiction over a claim" if the district court "has dismissed all claims over which it has original jurisdiction." Indeed, the Supreme Court has directed that, except in unusual circumstances, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Since plaintiff has failed to state any federal claims, there is no basis to reopen the case on the basis of any state claims.

**CONCLUSION**

Plaintiff's motion to reopen the case is denied as futile. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                U.S.D.J.

Dated:  Brooklyn, New York
        April 22, 2019